**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

CORY HILL
STEFANIE HILL                                                                             PLAINTIFFS

V.                                                                                        CASE NO. 1:09CV256

NORTH MISSISSIPPI MEDICAL CENTER
LEE COUNTY DEPARTMENT OF HUMAN SERVICES
LEE COUNTY, MISSISSIPPI
BRYAN K. DARLING
KRISTEN Y. TURNER                                                                         DEFENDANTS

## ORDER

This cause comes before the court on the motions **[10, 12]** of Defendants Bryan Darling and Kristen Turner to dismiss all claims alleged against each of them, pursuant to Fed. Rule of Civ. Pro 12(B)(6).

Plaintiffs, Stefanie and Cory Hill, are married Jehovah's Witnesses whose religious beliefs prohibit blood transfusions. They live in Tupelo and have one daughter who was delivered in May of 2006 by caesarean section surgery at NMMC. The Hills informed physicians at the hospital that they would not consent to blood transfusions for mother or child. This request was honored.

Stefanie became pregnant for the second time in 2008. On June 10, 2008, defendant, Dr. Kristen Turner, an obstetrician and staff physician at NMMC, suspected Stefanie might have intrauterine growth retardation and preeclampsia. Stefanie was admitted to NMMC for treatment and monitoring. Her fetus was observed to lack fetal heart tone variability and decelerations. The Hills told NMMC physicians they would not consent to any blood transfusions. Dr. Turner

concluded it would be best to proceed with an emergency cesarean section. Stefanie gave birth to a fifteen week premature baby girl, Makayla Hill, who weighed less than a pound.

On or about June 11, 2008 the attending neonatologist, defendant Dr. Bryan Darling, believed Makayla needed a blood transfusion. The Hills would not consent. An emergency hearing was held that day. The court found the Hills' refusal to accept a transfusion was medical neglect. A Temporary Emergency Order was issued by the Youth Court of Lee County, Mississippi. This order appointed the Lee County Department of Human Services (DHS) as custodian of Makayla. DHS consented for Makayla to receive blood transfusions. On June 17, a custody hearing was set for July 2, 2008. Makayla died on June 30. On July 1, 2008, the Hills moved to continue the scheduled hearing. The court granted this motion.

On July 10, 2008, the Hills filed a motion requesting an autopsy and setting a hearing. The following day, they filed a motion seeking release of the court file and DHS intake records. The court ordered the autopsy and held the Hills' motions for the release of files under advisement.

On January 10, 2009, some court records were made available to the Hills. On March 6, 2009, the Hills petitioned for the release of additional records and an order setting aside the finding of medical neglect.

On May 5, 2009, a hearing was held on the Hills' motions. The court granted the parents and their attorney a right to view the court file. On October 20, 2009, the Hills filed a complaint against NMMC, the Lee County Department of Human Services, Lee County, Dr. Darling, and Dr. Turner. They seek injunctive relief and compensatory damages arising from the following claims:

Count 1: Deprivation of rights under color of law, under 42 U.S.C. § 1983

Count 2: Deprivation of rights under 42 U.S.C. § 1985

Count 3: Fraud

Count 4: Medical battery

Count 5: Violation of the Sarbanes-Oxley Act of 2002

Count 6: Intentional infliction of mental distress

Count 7: Deprivation of Fourteenth Amendment right to equal protection

Count 8: Racketeering activity in violation of 18 U.S.C.A. § 1962

Count 9: Tortious interference with a contract

Count 10: Negligence under MISS. CODE ANN. § 15-1-36

Count 11: Gross negligence with respect to informed consent

Count 12: Gross negligence as to the denial of access to court records

On December 10, 2009, Dr. Turner filed a motion to dismiss all claims against her. Similarly, on December 18, 2009, Dr. Darling filed a motion to dismiss. This court has previously dismissed NMMC from this suit.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of the complaint and raises an issue of law. In order to give a defendant fair notice of a claim, a plaintiff is required to plead a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Fifth Circuit has held that complaints "must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). When reviewing a motion to dismiss under Rule 12(b)(6), the court "accepts all well pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Guidry v.*

*American Public Life Insurance Co.*, 512 F.3d 177, 180 (5th Cir. 2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on assumption that all allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). The Fifth Circuit summarizes its standard for dismissal under Rule 12(b)(6) as follows: "Viewing the facts . . . in the light most favorable to the nonmovant, a motion to dismiss or for a judgment on the pleadings should not be granted if a complaint provides enough facts to state a claim to relief that is plausible on its face." *Jebaco, Inc. v. Harrah's Operating Co.*, 587 F.3d 314, 318 (5th Cir. 2009).

Counts 1 and 7 of the Hills' complaint are solely applicable to state actors. *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999) (42 U.S.C. § 1983); *Breeden v. University of MS. Medical Center*, 241 F.Supp.2d 668, 672 (S.D.Miss. 2001) (42 U.S.C. § 1983); *Auster Oil & Gas Inc. v. Stream*, 764 F.2d 381, 387 (5th Cir. 1985) (42 U.S.C. § 1983); *Fulton v. Hecht*, 545 F.2d 540, 541-42 (5th Cir. 1977) (Fourteenth Amendment). In order for an individual to act under color of state law, he must exercise power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *U.S. v. Classic*, 313 U.S. 299, 326 (1941). As private persons, Dr. Darling's and Dr. Turner's conduct can only be considered "state action" if the challenged conduct is "fairly attributable to the state." *Bass*, 180 F.3d at 241. The *Bass* case set forth a two-part fair attribution test:

> First, the deprivation must be caused by the exercise of some right or privilege created by the state or by a rule of conduct imposed by the state or by a person for whom the state is responsible. Second, the party charged with the deprivation must be a person who may be fairly said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the state.

*Id.*

The Hills allege that Darling and Turner acted in concert with and were agents of the Lee County Department of Human Services. The Hills further state that the defendants acted in conspiracy to conceal from them the planned emergency hearing. The Hills claim the purpose of Defendants' actions was to absolve themselves from participation as witnesses. The Hills give no factual support for these conclusory statements. Conclusory statements alone are insufficient to state a claim. *Twombly*, 550 U.S. at 555. Further, the Hills have not provided a statement that "possess[es] enough heft to 'sho[w] that the pleader is entitled to relief." *Id*. at 557. Counts 1 and 7 against both Darling and Turner will be dismissed, as they were private actors.

The Hills allege in Count 2 of their complaint that their civil rights have been violated by both Darling and Turner under 42 U.S.C. § 1985 because they were denied access to view certain youth court records. Mississippi statutorily provides that "the parent . . . shall have the right to inspect any record, report or investigation which is to be considered by the youth court at a hearing." MISS. CODE ANN. § 43-21-261(3). This right, however, is "limited . . . and does not permit copying." *Heffner v. Rensink*, 938 So. 2d 917, 920 (Miss. Ct. App. 2006).

Further, MISS. CODE ANN. § 43-21-261(17) states, in part:

> In cases of child deaths, the following information may be released by the Mississippi Department of Human Services: (a) child's name; (b) address or location; (c) verification from the Department of Human Services of case status (no case or involvement, case exists, open or active case, case closed); (d) if a case exists, the type of report or case (physical abuse, neglect, etc.), date of intake(s) and investigation(s), and case disposition (substantiated or unsubstantiated).

Only the information enumerated in Subsection (17) is required to be made available after a child's death. Courts determine which records may be released to a party by balancing confidentiality with the need for a fair trial. *In re J.E.*, 726 So.2d 547, 553 (Miss. 1998). A court may release any records it deems necessary for a defendant to properly defend himself. *Id*.

However, the Hills are not constitutionally entitled to copies of every document in the youth court record. *Heffner*, 938 So.2d at 920. Even if Darling and Turner were acting under color of state law, they had no duty to provide the Hills with copies of the youth court record, and thus cannot be liable under this theory.

Fraud is alleged in Count 3 of the Hills' complaint. Rule 9(b) of the Federal Rules of Civil Procedure requires that facts or circumstances must be stated with particularity to support a claim of fraud. Plaintiffs must show the following:

> 1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that the representation should be acted upon by the hearer and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on the representation's truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury.

*Allen v. Mac Tools, Inc.*, 671 So. 2d 636, 642 (Miss. 1996). The Hills accuse all Defendants of knowing of the existence of blood borne infection-causing pathogens that cause life-threatening illness. This does not support a claim for fraud. Defendant Turner is not mentioned in the remaining portions of this count.

The Hills accuse Defendant Darling of fraud and wire fraud. They claim his fax to the youth court seeking consent to transfuse without disclosing known and serious risks of the treatment constitutes this claim. These facts do not establish the required requirements that the Hills must plead for fraud, as discussed above. Thus, Count 3 will be dismissed against Turner and Darling.

Count 4 of the Hills' complaint alleges the intentional tort of medical battery, however, in their Memorandum assert that battery is meant "in the clear sense of the gross negligence and medical malpractice of performing surgery upon Mrs. Hill without her informed consent," and

not under Miss. Code Annotated § 15-1-35. Negligence and medical malpractice claims were brought in Count 10 and are discussed below.

Count 5 of the Hills' complaint alleges violation of the Sarbanes-Oxley Act of 2002. This Act does not create a private right of action. *Pedroli v. Bartek*, 564 F.Supp.2d 683, 686-89 (E.D. Tex. 2008). The Hills clarify in their Memorandum that they "do not assert any Defendants' violation of Sarbanes-Oxley as a cause of action."

Intentional infliction of emotional and mental distress are alleged in Count 6 of the Hills' complaint. The Hills allege that this injury is related to a denial of their equal protection rights by the Lee County Youth Court withholding certain records from the. The Hills fail to plead facts alleging that Darling or Turner had a role in withholding the records. Further, the Hills have been granted access to the parts of the youth court records required to be given to them by state statute.

Defendants Darling and Turner were not named in Count 8 of the Hills' complaint.

Count 9 of the Hills' complaint alleges that Defendants have tortiously interfered with Mr. and Mrs. Hill's contract for legal representation. In order to state a claim for tortious interference with a contract, the Hills must show facts which would, if proven, satisfy each of the following four elements:

(1) The offending acts were intentional and willful;

(2) the acts were calculated to cause damage to the plaintiffs in their lawful business;

(3) the acts were done with the unlawful purpose of causing damage and loss, without right or justifiable cause on the part of the defendant (i.e., malice); and

(4) actual damage and loss resulted.

*Par Industries, Inc. v. Target Container Co.*, 708 So.2d 44, 48 (Miss. 1998) (citing *Cenac v.*

*Murry*, 609 So.2d 1257, 1268-69 (Miss. 1992)). The Hills fail to offer facts which would satisfy any of the above elements. Instead, this section of their complaint is a list of alleged offenses committed against their attorney unrelated to her representation of the Hills. As specifically noted in this court's previous order, this is an obviously frivolous claim.

Count 10 of the Hills' complaint alleges medical negligence. Miss. Code Ann. § 15-1-36 provides that "[n]o action based upon the health care provider's professional negligence may be begun unless the defendant has been given at least sixty (60) days' prior written notice of the intention to begin the action." This notice is necessary in order to bring a medical malpractice complaint. *Redmond v. Astrazeneca Pharms. LP*, 492 F.Supp.2d 575, 577 (S.D. Miss. 2007). The Hills failed to provide any pre-suit notice to both Dr. Turner and Dr. Darling. The Hills deny that such a requirement is necessary, based on *Patsy v. Bd. of Regents of Florida*, 457 U.S. 496 (1988). However, the state's notice requirement does not interfere or conflict with federal law. Thus, as in previous orders, this court will apply the state's notice of claim requirement.

The Hills have presented no claims against Turner or Darling that are viable as a matter of law. This court finds that the Hills have failed to plead sufficient facts in which to raise their alleged claims.

Kristen Y. Turner's motion **[10]** to dismiss is **GRANTED.**

Bryan K. Darling's motion **[12]** to dismiss is **GRANTED.**

This the 30th day of September, 2010.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**